IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ARTHUR BLACK,
      Petitioner,

vs.                              Case No. 3:10cv391/LAC/EMT

KENNETH S. TUCKER,[1]
      Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

      This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record  (doc. 27).  Petitioner filed a response in opposition to the motion (doc. 32).

      This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.      BACKGROUND AND PROCEDURAL HISTORY

      The procedural background of this case is established by the state court record (doc. 27, Exhibits).[2]  In 1992, Petitioner was charged in the Circuit Court in and for Escambia County, Florida, with charges in four separate cases, Case No. 1992-CF-277, Case No. 1992-CF-1894, Case No. 1993-CF-1933, and Case No. 1992-CF-1934 (Exs. E, F, G, H).  In Case No. 1992-CF-277, Petitioner was charged with one count of battery on a law enforcement officer and one count of failure to appear (Ex. E).  In Case No. 1992-CF-1894, he was charged with one count of possession of cocaine and one count of possession of paraphernalia (Ex. F).  In Case No. 1992-CF-1933, he was

_____

[1] Kenneth S. Tucker succeeded Edwin G. Buss as Secretary for the Department of Corrections, and is automatically substituted as Respondent.  *See* Fed. R. Civ. P. 25(d).

[2] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's answer (doc. 27).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

charged with one count of sale, purchase, manufacture, or delivery of cocaine, and one count of possession of cocaine (Ex. G).  In Case No. 1992-CF-1934, he was charged with one count of sale, purchase, manufacture, or delivery of cocaine, and one count of possession of cocaine (Ex. H).  On or about September 7, 1992, Petitioner entered a negotiated plea agreement with the State whereby he agreed to enter a plea to the failure to appear charge in Case No. 1992-CF-277, both charges in Case No. 1992-CF-1894, both charges in Case No. 1992-CF-1933, and both charges in Case No. 1992-CF-1934 (Ex. I).  The State agreed not to prosecute the charge of battery on a law enforcement officer in Case No. 1992-CF-277 (*id.*).  The plea agreement provided that Petitioner would be sentenced as a habitual felony offender ("HFO") to ten (10) years in state prison, said sentence to be suspended upon successful completion of one (1) year of community control followed by eight (8) years of probation (*id.*).  On September 9, 1992, the trial court adjudicated Petitioner guilty and sentenced him in accordance with the plea agreement (Ex. J).

On or about July 15, 2006, Petitioner was arrested on an outstanding warrant for violation of community control (Ex. K).  A revocation hearing was held January 9, 2007 (Ex. N).  Petitioner admitted he violated three conditions of his supervision by failing to make a written report to his probation officer by the fifth day of each month, failing to report in person to his officer at least once a week, and failing to remain confined to his approved residence (*id.* at 18–24).  The trial court found that the violations to which Petitioner admitted were willful and substantial and revoked his supervision based upon the admitted violations (*id.* at 24, 36).  The court imposed the previously suspended HFO sentences and sentenced him to concurrent terms of (10) years of imprisonment, with pre-sentence credit (*id.* at 36–38, *see also* Ex. L).  Petitioner did not appeal the judgment.

On July 25, 2008, Petitioner filed a motion to correct illegal sentence, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. O).  On September 2, 2008, he filed correspondence, which the court construed as a motion for mitigation or reduction of sentence under Rule 3.800(c) of the Florida Rules of Criminal Procedure (Ex. R).  On October 5, 2008, Petitioner filed a "Request for Clarification," essentially challenging his HFO sentence on Case No. 1992-CF-277 (Ex. P).  In three separate orders rendered October 31, 2008, the state circuit court denied the Rule 3.800 motion and the "Request for Clarification" on the merits, and dismissed the Rule 3.800(c) motion as untimely (Exs. S, T, U).  Petitioner did not appeal either order.

On November 9, 2008, Petitioner filed a "Motion for Downward Departure from the Guidelines Sentence" and a "Motion to Release and Transport" (Ex. V).  The state circuit court construed the motions collectively as a motion to correct illegal sentence under to Rule 3.800(a) of the Florida Rules of Criminal Procedure, and denied the motion in an order rendered January 22, 2009 (Ex. W).  Also in that order, the court directed the clerk to correct the January 9, 2007,

judgment to reflect that Petitioner was sentenced as an HFO (*id.*).  Petitioner appealed the decision to the Florida First District Court of Appeal, Case No. 1D09-776 ("First DCA") (Ex. X).  The First DCA dismissed the appeal on May 29, 2009 (Ex. Z).

On January 28, 2009, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. AA).  On February 5, 2009, he filed a motion to correct illegal sentence, pursuant to Rule 3.800(a) (*id.*).  In separate orders rendered May 15, 2009, the state circuit court denied the motions (Exs. BB, CC).  Petitioner did not appeal either order.

On January 24, 2010, Petitioner filed a motion to correct illegal sentence (Ex. SS at 1–5).  The state circuit court denied the motion on May 14, 2010 (*id.* 7–9).  Petitioner appealed the decision to the First DCA, Case No. 1D10-3172.  The First DCA affirmed the decision per curiam without written opinion, with the mandate issuing September 29, 2010 (Exs. TT, WW).  Black v. State, 43 So. 3d 692 (Fla. 1st DCA 2010) (Table).

On February 14, 2010, Petitioner filed a motion for post-conviction relief (Ex. XX at 1–11).  On May 14, 2010, the state circuit court dismissed the motion as untimely and successive (*id.* at 12–14).  Petitioner appealed the decision to the First DCA, Case No. 1D10-3173.  The First DCA affirmed the decision per curiam without written opinion, with the mandate issuing September 29, 2010 (Exs. YY, BBB).  Black v. State, 43 So. 3d 692 (Fla. 1st DCA 2010) (Table).

On May 13, 2010, Petitioner filed an amended motion for post-conviction relief (Ex. DD).  On July 12, 2010, the state circuit court dismissed the motion as untimely and successive (Ex. EE).  Petitioner did not appeal the order.

On August 24, 2010, Petitioner filed a "Motion to Allow Jail Credit" (Ex. HH at 1–8).  The state circuit court denied the motion on September 21, 2010 (*id.* at 10).  Petitioner appealed the decision to the First DCA, Case No. 1D10-5582.  The First DCA affirmed the decision per curiam without written opinion, with the mandate issuing July 5, 2011 (Exs. QQ, RR).  Black v. State, 63 So. 3d 752 (Fla. 1st DCA 2011) (Table).

Petitioner filed the instant habeas action on October 4, 2010 (doc. 1 at 9).[3]  He raises the following claims, which the court recites verbatim from his petition:

> Ground One:  Fundamental Error:  the petitioner contends that where a conviction is lacking the essential elements of a crime constitutes fundamental error. The petitioner asserts that in light of his plea the trial court should have determine that the conduct which the petitioner plea to constitutes the offense charged in the indictment or information or an offense included therein to which the petitioner has

---

[3] The page references to Petitioner's federal petition reflect the page numbers as enumerated in the court's electronic docketing system rather than those Petitioner may have assigned.

pleaded to. Due to the fact that their is nothing legally to show what the petitioner failure to appears on which the law makes essential to the punishment the plea was unreliable and insufficient to warrant a conviction.

       Ground Two:  Ineffective Assistance of Counsel:  petitioner contends that because counsel failed to properly inform herself of facts that would show the existence of a Constitutional claim he was clearly denied effective assistance of counsel. Had it not been for counsel's ineffectiveness the open plea would not have been sought or entered and a judgment of acquital would have been sought a granted because it would have been found that the charges he entered a plea to was unsupported by evidence to establish a prima facie case of guilt.

       Ground Three:  Ineffective Assistance of Counsel:  Counsel's performance was deficient where counsel inexplicably fail to prepare and challenge other identifiable documents that existed in the record for a complete understanding to insure the petitioner plea was intelligent and voluntary. On the face of the record clearly demonstrate that counsel never prepared to properly represent the petitioner in this case, thus should have known even after a slight cursory review the petitioner had a suspended sentence.

       Ground Four:  Failure to Appear.  In light of the charge failure to appear is do to no fault of his because he was incarcerated in the Escambia County Jail at the time of his court date. Moreover, the petitioner asserts that he was arrested before his court date and re-arrested for missing the court date while in the County Jail.

       Ground Five:  Illegal Habitual Sentence Fundamental Error:  the petitioner contends that it was fundamental error for the State to rely on evidence introduced at prior sentencing hearing to prove that petitioner qualified as a H.F.O.

(doc. 1 at 3–8, 20–21) (errors in original).

II     ANALYSIS

       Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could
have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period in
this case is § 2244(d)(1)(A), the date on which the judgment of conviction became final (doc. 27 at
7).  Petitioner does not assert that a government-created impediment to his filing his § 2254 petition
existed, that any of his claims are based on a right newly recognized by the Supreme Court, or that
he could not have discovered, through the exercise of due diligence, the factual predicate of his
claims before the date his conviction became final (see docs. 1, 32).  Therefore, the undersigned
concludes § 2244(d)(1)(A) is the appropriate trigger for the limitation period.

The trial court rendered the judgment and sentence on January 9, 2007.  Petitioner did not
appeal the judgment.  Therefore, it became final on February 9, 2007.[4]  See Bridges v. Johnson, 284

---

[4] The court is aware that on January 22, 2009, the state circuit court directed the clerk of court to correct
Petitioner's January 9, 2007, judgment and sentence to reflect that he was sentenced as a habitual felony offender (Ex.
W), and the clerk of court corrected the judgment on January 27, 2009 (see Ex. A).  The court is additionally aware that
when a petitioner is resentenced and an amended judgment is entered, the AEDPA's one-year limitations period begins
to run when the amended judgment becomes final.  See, e.g ., Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 166 L.
Ed. 2d 628 (2007) (federal limitations period did not begin "until both [petitioner's] conviction and sentence 'became
final by the conclusion of direct review . . . .'"); Ferreira v. Sec'y Dep't of Corr., 494 F.3d 1286 (11th Cir. 2007)
(addressing issue of what constitutes "judgment" for purposes of AEDPA's statute of limitations when petitioner is
resentenced in state court and raised federal habeas claims relating only to original conviction, and holding that judgment
on resentencing was judgment which triggered federal limitations period because judgment is based on both conviction
and sentence).

In the instant case, however, Petitioner was not resentenced.  The change in the written judgment was merely
clerical—it only corrected what was essentially a scrivener's error, that is, the omission of the sentencing court's oral
pronouncement that Petitioner was sentenced as a habitual felony offender (see Ex. N at 36).  Petitioner's sentence
remained unchanged.  Although the Eleventh Circuit has not squarely addressed whether the correction of a clerical error
in a judgment restarts the one-year limitation provision of § 2244(d), the logic of United States v. Portillo, 363 F.3d 1161
(11th Cir. 2004) indicates that it does not.  In Portillo, the district court corrected a clerical error in the restitution
provision of a criminal judgment.  Thereafter, the defendant appealed the restitution portion of the amended judgment.
The Eleventh Circuit held that the appeal was untimely pursuant to Fed.  R. App. P. 4(b)(1)(A), because the defendant
should have appealed the restitution order in the original judgment, which he did not do.  Id. at 1166.  The correction
of the clerical error did not provide the defendant with a second opportunity to appeal the judgment.  Id.  Moreover, other
courts that have addressed this narrow issue appear to have uniformly held that when a court corrects a clerical error in
a criminal judgment, the AEDPA's one-year limitations period does not begin anew when the court corrects the clerical
error.  See, e.g., United States v. Dodson, 291 F.3d 268, 275 (4th Cir. 2002) (§ 2255 limitations period does not begin
anew when "appellate court . . . remands for a ministerial purpose that could not result in a valid second appeal"); United
States v. Greer, 79 Fed. Appx. 974 (9th Cir. 2003) (unpublished) (amended judgment which merely corrected a clerical
mistake in the original written judgment to clarify the terms of the sentence as orally pronounced at the sentencing
hearing did not restart Section 2255's limitation period); Rojas v. United States, Nos. 10-80815-Civ-RYSKAMP, 07-
80161-Cr-RYSKAMP, 2011 WL 1467008, at *2–3 (S.D. Fla. Mar. 21, 2011) (entry of amended judgment to correct
clerical error, i.e., incorrect "USM number," did not restart § 2255 limitations period) Report and Recommendation
Adopted by 2011 WL 1467226 (S.D. Fla. Apr. 18, 2011); Martin v. Province, 2010 WL 5093403, at *2 n.2 (N.D. Okla.
Dec. 8, 2010) (entry of amended judgment to correct clerical error, i.e., incorrect description of crime as Possession of
Controlled Drug, instead of Possession of Controlled Drug with Intent to Distribute, did not restart state habeas
petitioner's one-year limitations period for filing § 2254); Perry v. United States, No. 1:09cv1101, 2010 WL 431333,
at *3 (W.D. Mich. Jan. 27, 2010) (amended judgment clarifying precise amount of restitution was not "operative
judgment" for purposes of one-year limitation period for filing § 2255 motion) ; Mathews v. Sec'y, No. 8:09cv57-T-
30EAJ, 2009 WL 5128027, at *1 (M.D. Fla. Dec. 21, 2009) (change in written sentence to correct omission of oral
pronouncement that Petitioner was sentenced as habitual felony offender did not restart ADEPA's one-year limitation

F.3d 1201, 1202 (11th Cir. 2002) (holding that where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date his 30-day right to appeal expired); <u>Walk v. State</u>, 707 So. 2d 933 (Fla. 5th DCA 1998) (holding that if "a conviction and sentence are not appealed, they become final 30 days after they are entered."); <u>Gust v. State</u>, 535 So. 2d 642 (Fla. 1st DCA 1988) (holding that if defendant does not appeal the conviction or sentence, judgment becomes final when the 30-day period for filing direct appeal expires). Petitioner thus had one year from that date, or until February 9, 2008, to file his § 2254 petition. *See* <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing <u>Ferreira</u>, 494 F.3d at 1289 n.1). Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

> Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). As evidenced by the procedural history set forth *supra*, Petitioner did not file any post-conviction applications on or before February 9, 2008. Further, any post-conviction applications filed in state court after that date did not toll the federal limitations period. *See* <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000). Therefore, Petitioner's federal petition, filed on October 4, 2010, was untimely.

Petitioner has not alleged he is entitled to equitable tolling of the federal limitations period, nor has he shown he is entitled to federal review under any other exception to the time bar. Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

III.   CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing

---

period); <u>Wray v. Ward</u>, No. 03-CV-067-JHP-PJC, 2007 WL 1822388, at *7 n.4 (N.D. Okla. June 22, 2007) (entry of amended judgments did not affect finality of original judgment and, therefore, did not restart limitations period for § 2254 petition); <u>United States v. Gericke</u>, No. 4:09CR3176, 2007 WL 1291098, at *3 n.2 (D. Neb. Mar. 21, 2007) (second amended judgment, which corrected clerical mistake in first amended judgment, did not restart § 2254 clock). Therefore, the undersigned concludes the 2009 corrected judgment, which did nothing more than correct a clerical or scrivener's error, did not restart the one-year limitation period.

required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that Kenneth S. Tucker is substituted for Edwin G. Buss as Respondent.

And it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (doc. 27) be **GRANTED**.

2.      That the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 26<u>th</u> day of August 2011.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**